a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA HIPPLER,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-00639-P |
| VERSUS | JUDGE DRELL |
| VICTOR JONES, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Joshua Hippler ("Hippler"). At the time of filing, Hippler was incarcerated at the Fulton County Jail in Atlanta, Georgia. Hippler alleges that he was denied adequate medical care while incarcerated at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Hippler names as Defendants Sheriff Victor Jones and Nurse Charlene Huftman. (Doc. 1, p. 3).

Because Hippler cannot meet the physical injury requirement of the Prisoner Litigation Reform Act ("PLRA"), his Complaint and Amended Complaint (Docs. 1, 10) should be DENIED and DISMISSED WITH PREJUDICE.

### I.  Background

Hippler alleges that he is HIV positive and was denied "life saving medications" by Nurse Charlene Huftman during the 15 days he was incarcerated at the NPDC. (Doc. 1, p. 3).

In his Amended Complaint, Hippler claims that Defendant Huftman dismissed Hippler by saying "toodles" the first time he requested medical care, and told Hippler

to write his complaint on the wall the second time he requested treatment. (Doc. 10, p. 1).

Hippler alleges that Victor Jones refused to take phone calls from Hippler and his family members and failed to respond to letters sent by Hippler. (Doc. 10, p. 2).

Hippler alleges that, without medication at NPDC, "the virus was allowed to duplicate and build resistence [sic] unchecked." (Doc. 10, p. 3). Hippler also alleges that the lack of treatment caused him to suffer "a recurrence in depression and anxiety." (Doc. 10, p. 3).

## II. Law and Analysis

### A. Hippler's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

At the time of filing, Hippler was a prisoner. Hippler has been allowed to proceed in forma pauperis. (Doc. 8). Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Hippler is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Hippler alleges only a conclusory allegation of a physical injury.

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Hippler alleges that the lack of medical treatment for a period of 15 days caused the HIV virus "to duplicate and build resistence [sic]." (Doc. 10, p. 3). Hippler's allegation of physical injury is conclusory and speculative. Smith v. Larpenter, 13-CV-6403, 2015 WL 4168514, at *3 (E.D. La. July 8, 2015) (dismissal because the plaintiff alleged speculative injury); Hampton v. Cain, 13-CV-015, 2014 WL 673072, at *6 (M.D. La. Feb. 21, 2014) (conclusory assertion not supported by any factual corroboration); Sopczak v. Brown, 05-CV-1262, 2008 WL 4191262, at *4 (M.D. La. Sept. 10, 2008) (conclusory and speculative allegations of actual injury do not satisfy the PLRA); Vega v. Hill, 3:05-CV-1577, 2005 WL 3147862, at *3 (N.D. Tex. Oct. 14, 2005) (conclusory assertions are insufficient to establish physical injury under the PLRA).

Because Hippler has not adequately alleged a physical injury, he also cannot recover for his alleged emotional injury. 42 U.S.C. § 1997e(e).

### III. Conclusion

Because Hippler cannot meet the physical injury requirement of the PLRA, IT IS RECOMMENDED that the Complaint and Amended Complaint (Docs. 1, 10) be DENIED and DISMISSED with prejudice under §§ 1915(e) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE